UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARRIE WALTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:07CV1789SNLJ |
| JESSIE MIKE, ET. AL., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

*Pro se* plaintiff has filed a somewhat convoluted complaint that appears to allege numerous federal claims of employment discrimination, as well as a claim asserting violation(s) of the Missouri Human Rights Act. Pending before this Court are numerous motions filed by the plaintiff and the defendants: 1) Defendants' motion for extension of time to complete discovery (#37), filed August 21, 2008; 2) defendants' first motion to dismiss (#38), filed August 21, 2008; 3) plaintiff's motion to compel (#39), filed August 21, 2008; 4) plaintiff's motion for entry of clerk's default (#40), filed August 21, 2008; 5) plaintiff's motion for leave to have until November 22, 2008 to finalize and perfect witness list (#46), filed November 14, 2008; 6) defendants' amended motion to dismiss case (#50), filed November 19, 2008; and 7) defendants' first motion to compel (#52), filed November 19, 2008. Responsive pleadings have been filed.

Before addressing the afore-mentioned motions, the Court finds it necessary to briefly set forth the litigation history of this case. Plaintiff filed her original complaint, pursuant to *pro se* status, on October 19, 2007. She avers every form of employment discrimination under the federal statutes in connection with the termination of her employment with a private child's day care facility. On or about November 8, 2007 counsel for defendants, Benjamin Westhoff, entered

his appearance. *See*, Document #4. Attorney Westhoff requested and received an extension of time to file the defendants' Answer on or before December 10, 2007. *See*, Documents #4 and Docket Text Order, filed November 15, 2007. On December 5, 2007 defendants filed their Answer to plaintiff's complaint. *See*, Document #11. That same date, attorney Westhoff sought to withdraw his representation of the defendants, which was granted by this Court. *See*, Document #12 and Docket Text Order, filed December 5, 2007.[1]

A Case Management Order (CMO) was entered on February 15, 2008 although at the time defendants' were without counsel. *See*, Document #19. The CMO set forth, among other things, a discovery deadline of August 11, 2008 and a trial date of December 2, 2008. Meanwhile, the plaintiff flooded the Court with various "motions" indicative of her *pro se* status all of which were denied.

On July 31, 2008, the district court judge originally assigned to this case[2] retired from the federal bench. On August 1, 2008, this case was reassigned to the undersigned judge. On or about August 21, 2008 new counsel, Ryan Smith, entered his appearance and filed an Answer on behalf of the defendants. *See,* Documents #35 and #36. This has resulted in a new flurry of motions being filed by the plaintiff and counsel for the defendants which are the focus of this memorandum and order.

In light of the pending motions, the representation of defendants by counsel, and the reassignment of this case to the undersigned; and in the interests of justice and the parties, this case was removed from the trial docket of December 2, 2008 and the parties were advised that a

---

[1] Since both Peter Westhoff and Benjamin Westhoff had entered their appearances on behalf of the Westhoff Law Firm, a second motion to withdraw on behalf of Peter Westhoff was filed on December 14, 2007 (#15) and granted by a Docket Text Order on December 17, 2007.

[2] Honorable Stephen N. Limbaugh, Sr.

revised CMO and trial setting would be forthcoming. *See,* Court Order #49, filed November 18, 2008.

Upon review of the pending motions, it is clear to this Court that this case is in dire need of a refocused effort to get it back on track. Therefore, the Court sets forth the following determinations:

<u>Defendants' Motion to Dismiss (#38)</u>

Plaintiff's complaint sets forth numerous **federal** claims of employment discrimination. However inartfully plead, her complaint is still governed by the federal policy of **notice pleading**, not fact pleading. Defendants' motion is completely grounded on a fact pleading argument and cites only state law in support. Furthermore, defendants' argument regarding the application of Missouri's "Employment-at-Will" doctrine is completely devoid of any legal authority in support; and again, wrongfully places the burden on plaintiff to plead "evidence and proof" in her complaint. Although it is difficult to discern exactly the substance of the plaintiff's claims, she has (for now) minimally met the burden of pleading pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendants' motion to dismiss (#38) will be denied.

<u>Plaintiff's Motion for Default Judgment (#40)</u>

Plaintiff's motion appears to seek a default judgment because defendants have not responded to her motions, and she believes her claims are "viable". Defendants are not in default in that they have filed an Answer to her complaint, actually they have filed an Answer twice to her complaint. The fact that they have not responded to her motions is not grounds for a default; the Court has considered her motions and ruled upon same. Any delays or failures to respond to discovery are the proper subject of a motion to compel (which plaintiff filed for the first time in August 2008), not a motion for default. Plaintiff's motion for default (#40) will be denied.

## Plaintiff' Motion to Compel (#39)

Plaintiff contends that defendants have failed, and continue to fail, to produce disclosure information under Rule 26 Fed.R.Civ.P. Plaintiff has not attached to this motion any written attestation that she has attempted to resolve this dispute with defendants' counsel. She only avers that certified mail sent directly to the defendants has been refused.

The Court will deny this motion for two (2) reasons. Firstly, plaintiff must abide by all federal and local rules if she insists on litigating this matter herself.[3] This includes attempting to resolve discovery disputes with defendants' counsel, not with the defendants themselves. Secondly, certain assertions have been made by defendants' counsel that concern the Court about the continued viability of this litigation.[4] If this litigation does continue, a revised CMO will be entered, and new discovery deadlines will be set forth. All parties will be expected to adhere to these deadlines regardless of representation; however, since the defendants are now represented, it is the Court's hope that the defendants' dilatoriness will no longer be a problem. Plaintiff's motion to compel (#39) will be denied.

## Defendants' Motion to Compel (#52)

Defendants have filed a motion to compel averring that plaintiff has failed, and continues to fail, to respond to discovery propounded to her on or about August 20, 2008. In the motion, defendants contend that plaintiff has refused to answer said interrogatories, and that defendants have "subsequently requested answers to said Interrogatories, however Plaintiff has not

---

[3]The Court again strongly advises plaintiff to secure the services of counsel knowledgable in the practice of employment law matters in federal court in order to protect her interests.

[4]These concerns will be addressed later in this memorandum.

responded to these requests." There is nothing attached to the motion to evidence any attempts by counsel to resolve this discovery dispute with plaintiff.

The Court will deny the motion for several reasons. Firstly, defendants have failed to evidence any attempts to resolve this discovery dispute with the plaintiff as required by Local Rule 3.04(A). Secondly, based upon certain assertions made by defendants, the continued viability of this lawsuit is in question. As stated previously, if this litigation does continue, a new CMO will be entered, and all parties will be expected to adhere to the deadlines contained therein. Finally, defendants contend that "Exhibit A" a true and accurate copy of the subject interrogatories is attached to this motion. No "Exhibit A" was electronically-filed with this motion, and no "Exhibit A" has been filed in hard-paper form with the Clerk's Office. *See,* Defendants' Notice of Filing Exhibit (#53), filed November 19, 2008. Defendants' motion to compel (#52) will be denied.

### Defendants' Amended Motion to Dismiss (#50)

Defendants' amended motion seeks dismissal on two (2) grounds: 1) they allege that plaintiff has pending an identical complaint in state court and should be "collaterally estopped" from suing defendants simultaneously in both state and federal courts; and 2) "that counsel for Plaintiff and Defendants have agreed to schedule this matter for mediation". The motion is not accompanied by any memorandum of law in support.

The defendants' motion will be denied for several reasons: Firstly, defendants have failed to provide any evidence of a pending identical state court action against these defendants. Defendants contend that they have attached as "Exhibit 1" a true and accurate copy of this said complaint. However, no "Exhibit 1" was electronically-filed with this motion or any time thereafter, and no "Exhibit 1" has been filed in hard-paper form with the Clerk's Office. *See*, Defendants' Notice of Filing Exhibit (#51), filed November 19, 2008. Secondly, an assertion that

5

the parties plan on scheduling a mediation is not sufficient to warrant dismissal of this cause of action. Given the difficulties of this case, the Court requires more than a simple assertion that a mediation is planned. Plaintiff and defendants' counsel is to file with this Court the name of the mediator, the date and time of mediation, and the location of the mediation. Once this is filed, the Court will next consider what steps to take in the continued litigation of this cause of action. Finally, all motions to dismiss are to be filed in compliance with Local Rule 4.01(A), including the filing of an accompanying memorandum of law in support.[5] Defendants' amended motion to dismiss (#50) will be denied.

### Defendants' Motion for Extension to Complete Discovery (#37)

The Court has recently removed this case from its trial docket of December 2, 2008. It is apparent from the parties' pleadings that little, if any, discovery has been done in this case concerning all parties. In light of the case's reassignment to the undersigned, and certain flags being raised as to the continued litigation of this case, the Court will grant this motion only in so far as vacating all prior discovery deadlines to be replaced by a new forthcoming CMO . If this case is truly headed for mediation, fine. However, if it is not, the litigation of this case will be restarted with a new CMO, including new discovery deadlines, new dispositive motions deadlines, and a new trial setting. Defendants' motion for extension to complete discovery (#37) will be granted under limited circumstances.

Accordingly,

---

[5]Just as plaintiff has been advised, defendants' counsel is also advised to become familiar with the Local Rules of the Eastern District of Missouri, Eastern Division.

**IT IS HEREBY ORDERED** that defendants' motion for extension of time to complete discovery (#37) be and is **GRANTED** in so far that discovery deadlines as contained in the CMO (#19) be and are vacated. A new CMO will be entered forthcoming.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (#38) be and is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (#39) be and is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default (#40) be and is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' amended motion to dismiss (#50) be and is **DENIED.** Any and all future dispositive motions shall be electronically-filed in compliance with the Local Rules, including exhibits, unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that defendants' motion to compel (#52) be and is **DENIED.**

**IT IS FINALLY ORDERED** that the parties shall file a notice to this Court regarding mediation, including the name of the mediator, the date and time of the mediation, and the location of the mediation. Such notice shall be filed on or before December 12, 2008. If no notice is filed, the Court will enter a revised CMO accordingly.

Dated this  26th  day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE